IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH ARCHER & RUDOLPH ARCHER,<br>      Plaintiffs,<br><br>v<br><br>FINANCIAL RECOVERY SERVICES, INC.,<br>      Defendant. | Case No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT

ELIZABETH & RUDOLPH ARCHER, ("Plaintiffs") by their attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., allege the following against FINANCIAL RECOVERY SERVICES, INC. ("Defendant"):

## INTRODUCTION

1.  Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3. Defendant conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. Plaintiffs are natural people who reside in Niantic, Connecticut.

6. Plaintiffs are "consumers", as defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its corporate headquarters located at 4900 Viking Drive, Edina, Minnesota 55435.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant acted on behalf of Cach LLC and sought to collect an alleged consumer debt from Plaintiffs, related to a Bank of America credit card.

11. Upon information and belief, the alleged debt Defendant was seeking to collect arose out of transactions, which were primarily for personal, family, or household purposes.

12. The debt could not have been a business debt, as Plaintiff owes no such debt.

13. During January and February 2012, Defendant and its representatives placed repeated and continuous calls to Plaintiffs' home telephone, in order to collect the alleged Bank of America debt.

14. Defendant's harassing telephone calls originated from numbers, including but not limited to (888) 411-4684, (763) 503-5206, (866) 304-0560, (866) 415-2398 and (877) 902-5064. The undersigned has confirmed that these numbers belong to Defendant.

15. Often times, Defendant called Plaintiffs multiple times in a day.

16. On at least one occasion, Defendant called Plaintiffs back immediately after Mr. or Mrs. Archer hung up on Defendant.

17. Defendant did so with the intent of harassing and annoying Plaintiffs until they acceded to Defendant's demand of payment.

18. On one occasion in or around January of 2012, Defendant's representative left a message on Plaintiffs' telephone stating that Defendant sought to help Plaintiffs' "save some money", and gave the unsolicited advice that Plaintiffs could use their tax refund to pay Defendant.

19. This message was deceptive and misleading, as Defendant did not seek to help Plaintiffs save money, but rather to collect Plaintiffs' money for Cach LLC.

20. Furthermore, Defendant's advice regarding Plaintiffs' tax returns confused Plaintiffs as to the nature of Defendant's calls, and was given with the intent of masking Defendant's identity as a debt collector.

21. Defendant's communications with Plaintiffs were intentionally harassing, abusive and deceptive.

# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

22. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

23. Defendant violated § 1692d of the FDCPA when it called Plaintiffs repeatedly and continuously, when it called Plaintiffs back immediately after Mr. or Mrs. Archer hung up the telephone, and when it engaged in other harassing or abusive conduct.

## COUNT II

24. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

25. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiffs' telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiffs.

## COUNT III

26. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

27. Section 1692e(10) of the FDCPA prohibits debt collectors from using false representations or deceptive means to collect a debt or to obtain information from a consumer.

28. Defendant violated § 1692e, and § 1692e(10) of the FDCPA, when it misrepresented that it sought to help Plaintiffs "save some money" when it actually sought to

collect a debt, and when it masked its identity as a debt collector by offering Plaintiffs unsolicited advice as how to spend their tax refund.

## COUNT IV

29. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

30. Defendant violated § 1692f of the FDCPA when it called Plaintiffs repeatedly and continuously, when Defendant called Plaintiffs back immediately after Plaintiff(s) hung up the telephone, and when it misled Plaintiff as to the nature of Defendant's calls.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, ELIZABETH & RUDOLPH ARCHER respectfully pray for a judgment as follows:

   a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
   b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and
   d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiffs, ELIZABETH & RUDOLPH ARCHER, demand a jury trial in this case.

RESPECTFULLY SUBMITTED,

ELIZABETH & RUDOLPH ARCHER,
By their Attorney,

*/s/* Angela K. Troccoli
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: March 14, 2012